FILED

2015 Dec-30  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| **JESSIE LEE HOWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:14-cv-01106-CLS-JEO** |
| | ) | |
| **WARDEN DEWAYNE ESTES,** | ) | |
| ***et al.***, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

At the time he filed the initial complaint in this action, plaintiff was a prisoner confined in the Limestone Correctional Facility in Harvest, Alabama.[1]  The initial complaint and its supporting documents[2] totaled more than forty pages, appeared to name over 80 defendants, and was presented in large part in a narrative form. Additionally, the complaint and supplemental documents asserted multiple unrelated claims in violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Consequently, on October 22, 2014, finding that the complaint and supplemental documents constituted a "shotgun" pleading, the magistrate judge ordered plaintiff to re-plead his complaint in a way which complied with the Federal Rules of Civil

---

[1] He has since been released from confinement.  *See* docket entry of May 21, 2015, and document 27 at page 4.

[2] Doc. nos. 1, 6 and 8.

Procedure, and which allowed the court to accurately determine the claims he was asserting.[3]

Plaintiff filed his first re-pleaded complaint on November 19, 2014.[4] Plaintiff again named approximately 80 defendants, included unrelated claims, and named large numbers of defendants in mass and alleged they collectively violated his rights. The magistrate judge again warned plaintiff that the court would not accept such a "shotgun" pleading and warned that the failure to assert specific allegations against specific defendants is grounds for dismissal of a § 1983 complaint.[5] Plaintiff was therefore ordered to again submit a re-pleaded complaint which complied with the order of October 22, 2014.[6]

Plaintiff filed his second re-pleaded complaint on March 9, 2015. That complaint totaled 144 pages in length, named 47 defendants, and continued to assert nearly verbatim claims against multiple defendants, changing only the date on which events were alleged to occur.[7] The complaint also continued to assert unrelated claims against different defendants and was again recognized as a "shotgun" pleading by the magistrate judge. Accordingly, on March 31, 2015, plaintiff was ordered for

---

[3] Doc. no. 14.

[4] Doc. no. 15.

[5] Doc. no. 16.

[6] *Id*.

[7] Doc. no. 17.

a third time to re-plead his complaint in a way which complied with the Federal Rules of Civil Procedure and which complied with the two previous orders to re-plead.[8] Plaintiff was warned that he must name as defendants only those persons who he claims violated his constitutional rights, and must state clearly in non-conclusory language how each individual defendant violated his rights.[9]  He was also warned (again) not to include unrelated claims against different defendants in the same complaint, and was advised that failure to comply could result in dismissal of this action without further notice.[10]

Now pending before the court is plaintiff's third re-pleaded complaint.[11]  The complaint is 27 pages in length, contains approximately 60 number paragraphs, names 43 defendants, and continues to allege unrelated claims against different defendants.[12]   Additionally, the claims are in large part set forth in vague and

---

[8] Doc. no. 18.

[9] *Id*.

[10] *Id*.

[11] Doc. no. 27.

[12] As an example of the unrelated claims, plaintiff asserts: (1) that he was denied emergency medical care for neck and back pain; (2) that he was denied emergency medical care for severe stomach pain and swelling, and denied a special diet to deal with those issues; (3) that certain of the defendants have violated the Americans with Disabilities Act; (4) that he was denied access to the courts as a result of being denied access to the law library; (5) that certain of the defendants violated the Eighth and Fourteenth Amendments by charging a $3.00 and $4.00 medical co-pay; (6) that he was denied due process and equal protection as a result of false information being placed in his prisoner file, causing him to be denied "lower level custody;" and (7) that the confiscation of coats during warmer periods of the year leaves him without protection from bad weather.

3

conclusory fashion, and are repeated nearly verbatim against multiple defendants, with little if any distinguishing facts from one defendant to the next.[13]  In sum, the complaint continues to constitute an unacceptable "shotgun" pleading.

The courts are charged with the task of narrowing and defining the issues "from the earliest stages of litigation."  *Goodison v. Washington Mutual Bank*, 232 F. App'x 922, at **1 (11th Cir. 2007); *see also Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 165 (11th Cir. 1997).  In that regard, it is important that the court not allow the parties' pleadings to "impede the orderly, efficient, and economic disposition of disputes."  *Id*.  For that reason, shotgun pleadings have been condemned by the Eleventh Circuit "for decades."  *Nurse v. Sheraton Atlanta Hotel*, — F. App'x —, 2015 WL 4153677,  at *3 (11th Cir. July 10, 2015).  "Unless cases are pled clearly and precisely, . . . a trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  *Id*. (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996)) (ellipsis supplied).   Accordingly, a district court "possesses the inherent power to police its docket," including the imposition of "formal sanctions upon dilatory litigants."  *Mingo v. Sugar Cane Growers Co-op of*

---

[13] "[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quoting *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)) (alteration supplied).

*Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Such sanctions "can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. Therefore, where a litigant has been forewarned, "dismissal upon disregard of an order . . . generally is not an abuse of discretion." *Sheraton Atlanta Hotel*, 2015 WL 4153677, at *2 (ellipsis supplied).[14]

In this instance, plaintiff was warned on three separate occasions and in specific detail of the deficiencies in his pleadings, was given three chances to comply, and was warned of the consequences of failing to do so. Accordingly, the court finds that this action is due to be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon plaintiff's failure to comply with prior orders of the court.[15] A separate order will be entered accordingly. The Clerk is DIRECTED to serve a copy of this memorandum opinion upon plaintiff.

DONE this 30th day of December, 2015.

United States District Judge

---

[14] "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Sheraton Atlanta Hotel*, *supra*, at *3.

[15] Rule 41(b) has been interpreted as conferring power upon district courts to *sua sponte* dismiss cases in order "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of [the courts]." *Brutus v. Internal Revenue Service*, 393 F. App'x 682, 683-84 (11th Cir. 2010).